UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Luis Roman, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 20-1173 |
| | ) |
| Teri A. Kennedy, *et al.* | ) |
| | ) |
| Defendants. | ) |

## **Merit Review Order**

The plaintiff, proceeding *pro se*, and currently detained at Livingston County Jail, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff's claim arise from events that allegedly transpired during his incarceration at Pontiac Correctional Center. Plaintiff

alleges that on August 24, 2018, Defendants Wild and North forced him to walk past a cell knowing that the inmate housed therein was going to throw feces on Plaintiff. Plaintiff alleges that Defendant North threw Plaintiff to the ground and bent and yanked Plaintiff's hand after Plaintiff took the chuckhole hostage. Plaintiff alleges that Defendant Wild stood by and failed to intervene. Plaintiff later received medical treatment for a laceration.

Plaintiff alleges Defendants Wolf and Dalton found him guilty at an Adjustment Committee hearing five days later based solely on a report Defendant Wild had authored. Plaintiff alleges that these defendants disregarded his witnesses' testimony. Plaintiff alleges he received segregation, audio-visual restrictions, and a demotion to C-grade as punishment.

Plaintiff alleges that on August 31, 2018, Plaintiff alleges that Defendant Corley used chemical spray on him, and that Defendants DeLong, Farley, Drysdale, Sorenson, Foster, and Vinson kicked and kneed him in the ribs, legs, and buttocks during a cell extraction, causing his laceration to reopen and chipped teeth. Plaintiff alleges that Defendants Kennedy, Cox, and Sneed denied his requests for his grievances to be handled on an emergency basis, falsified documents, and otherwise obstructed his ability to use the grievance process.

Plaintiff states an Eighth Amendment claim against Defendants Wild and North for failure to protect from harm based upon the feces-throwing incident, and an Eighth Amendment claim for excessive force and a state law battery claim against Defendant North. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 6 (1992). Plaintiff has not alleged facts supporting an inference that the punishment he received amounted to an "atypical and significant hardship" in relation to ordinary prison life, and, therefore, he does not state a procedural due process claim. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff does not state a claim based upon the use of the grievance process for this incident. *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008) (no constitutional right to the grievance process).

Plaintiff's allegations against Defendants Corley, DeLong, Farley, Drysdale, Sorenson, Foster, and Vinson involve different officials and an incident not related to the incident that occurred on August 24, 2018. Plaintiff must therefore litigate these claims in a separate lawsuit. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). These claims will be dismissed without prejudice.

**It is therefore ordered:**

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states Plaintiff states an Eighth Amendment claim against Defendants Wild and North for failure to protect from harm based upon the feces-throwing incident, and an Eighth Amendment claim for excessive force and a state law battery claim against Defendant North. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

3. The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and

       dispositive motion deadlines.

4. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more

      detail.

7. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11. The clerk is directed to terminate Defendants Corley, DeLong, Farley, Drysdale, Sorenson, Foster, Vinson, Kennedy, Cox, Sneed, Wolf and Dalton.

12. The clerk is directed to attempt service on Troy North and A. Wild pursuant to the standard procedures.

13. Plaintiff filed a Motion to Request Counsel [5]. Plaintiff has no constitutional or statutory right to counsel in this case. Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Although Plaintiff indicates he contacted attorneys, a plaintiff usually makes this showing by attaching copies of letters sent to attorneys seeking representation and copies of any

responses received. Plaintiff has personal knowledge of the facts, he has been able to adequately convey them to the Court, and he should be able to obtain relevant documents via discovery. Plaintiff has been able to file and litigate several lawsuits since incurring the hand injury he alleges in his motion. Plaintiff has also tried two jury trials to verdict as a pro se litigant on claims similar to those presented here. See Roman v. Hasten, No. 16-3118 (C.D. Ill.); Roman v. Devries, No. 16-1422 (C.D. Ill.). The Court finds that Plaintiff is capable of representing himself at this time. Plaintiff's motion [5] is denied with leave to renew.

14. Plaintiff's Motion to Stay [6] is denied. It will be at least 60 days before discovery opens. The Court sees no reason to stay these proceedings indefinitely at this time.

15. Plaintiff's Motion for Courtesy Copies [8] is denied. If Plaintiff desires copies of any document, he must pay the copying fee of $0.10/page up front.

Entered this 19th day of June, 2020.

s/ Harold A. Baker
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE